plainant is entitled, in addition to taking this woman's property, to have a personal decree against her.

---

PAXTON (UNITED STATES v.). See Case No. 16,013.

PAYEN (BRITTON v.). See Cases Nos. 1,905 and 1,906.

---

## Case No. 10,853.

### PAYEN v. HODGSON.

[1 Cranch, C. C. 508.] [1]

Circuit Court, District of Columbia. July Term, 1808.

PLEA OF MISNOMER—AMENDMENT OF RECORD.

After a plea of misnomer in abatement, the court will not suffer the record to be amended, but upon payment of costs, and a discharge of the bail.

The written order for issuing the writ, was to issue it in the name of Thomas Payson, but by mistake of the clerk, it issued in the name of Thomas Payen. The written order was filed in the clerk's office. The defendant had given bail, and pleaded a misnomer in abatement.

Mr. Taylor, for plaintiff, moved for leave to amend; which THE COURT refused, unless upon payment of costs and discharging the bail.

DUCKETT, Circuit Judge, absent.

---

## Case No. 10,854.

### PAYNE v. ABLE.

[This is a state case. See 13 Int. Rev. Rec. 31.]

---

## Case No. 10,855.

### PAYNE v. ALLEN.

[1 Spr. 304.] [2]

District Court, D. Massachusetts. Oct., 1855.

SEAMEN—RECEIPT IN FULL OF ALL CLAIMS—CONSTRUCTION—AMBIGUITY—FLOGGING—INCOMPETENCY.

1. Where a seaman, in a whaling voyage, upon his discharge in a foreign port, signed a writing, acknowledging that he had received a certain sum, in full of his share of the proceeds of the voyage, and relinquishing all claims against the owners, master and officers, *held*, that the relinquishment was only of the claim for which he had received compensation, and not of claims for personal violence committed by the master.

[Cited in Gabrielson v. Waydell, 135 N. Y. 9, 31 N. E. 972.]

2. If such receipt be ambiguous, the ambiguity is not to prejudice the seaman.

3. Since the proviso in St. 1850, c. 80, § 1 (9 Stat. 515), punishment by flogging on board of a whale ship is illegal.

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

4. Incompetency to perform the duties of the station for which an officer or seaman has shipped, is no justification for the infliction of punishment.

In admiralty.

Mr. West, for libellant.

A. Mackie and A. S. Cushman, for respondent.

SPRAGUE, District Judge. The libellant was cooper, and the respondent master, of a whale ship. This suit is brought to recover damages for personal wrongs. The libel sets forth, in distinct articles, several acts of personal violence, and in another article alleges general and continued ill-usage during the voyage. The answer sets up a written release of the libellant, and denies some of the allegations in the libel, and justifies others, as the infliction of merited punishment. The first question is upon the sufficiency of the release. The voyage commenced in May, 1852, and ended by the return of the ship in February, 1855; the libellant continued on board, as cooper, until December, 1854, when he was discharged at St. Helena. The release relied upon was given at the time of that discharge, and is in the following words: "St. Helena, December 22d, 1854. I, John Payne, cooper on board the whaling bark 'Kathleen,' of New Bedford, do hereby declare, that having been discharged by mutual consent from said vessel, at this port, I do acknowledge to have received of Captain Allen, five hundred dollars ($500), as my share of the entire voyage thereof, in relinquishment of all and every claim against the said vessel, her cargo, captain, owners, officers, and crew, of which this is evidence. John Payne. Witness: Geo. W. Kemball, U. S. Commercial Agent."

It is to be observed, that the receipt declares that the $500 is received as his share of the entire voyage, that is, as his share of the proceeds of the voyage. It then goes on to say, that it is in relinquishment of all and every claim against the vessel, cargo, owners, captain, officers and crew. Claim for what? The natural answer would be, for that for which he had received compensation, that is, his share. The relinquishment is to be so construed, as to be co-extensive with the compensation, if it can be, without violence to language. Such instruments, between master and mariner, are usually written by the master, or by some person acting for him, and if he leaves the instrument ambiguous, such ambiguity is not to prejudice the seaman. It does not appear from the receipt, that any compensation was received for personal violence inflicted by the master, but the contrary is implied; it is not, therefore, sufficient to preclude the libellant from maintaining an action for such violence. The parol evidence does not strengthen the receipt, nor show that compensation was received for anything, except the services of the libellant. As to the injuries inflicted, the